UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60296-CIV-COOKE/GARBER

ZAKI KULAIBEE
ESTABLISHMENT,

    Plaintiff,

v.

MCFLICKER., et al.,

    Defendants.
_____/

## **ORDER**

    THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Marcia G. Cooke.  Pursuant to such reference, the Court has received plaintiff Zaki Kulaibee Establishment's Motion to Compel Defendant Daytona Aerospace, Inc. to Close Permits and Correct Code Violations and for Enlargement of Time to Comply with Court Deadlines [DE 287], defendant Daytona Aerospace, Inc.'s Response [DE 304], and plaintiff Zaki Kulaibee Establishment's Reply [DE 306]. The Court also held a hearing on the matter on June 21, 2010.  After due consideration, Zaki Kulaibee Establishment's Motion is GRANTED in part and DENIED in part.

    This case involves a dispute over more than 5,000,000 surplus military aircraft parts worth $500,000,000, which are currently stored in two warehouses, one in the City of Margate ("Margate"), and another in the City of Deerfield Beach.  Plaintiff Zaki Kulaibee Establishment ("Zaki") moves for an order compelling Defendant Daytona Aerospace, Inc. ("Daytona") to close permits and correct code violations cited by Margate so that Margate can consider and approve Zaki's application for a

special permit exception to install a tent next to the Margate warehouse, in which Zaki would inventory the military aircraft parts.

Zaki asks the Court to either strike Daytona's Answer to the Complaint, enter a default judgment, and return the consigned goods to Zaki, or otherwise to make the consigned goods immediately available to Zaki to inventory by a date certain, with the requirement that Daytona cover all expenses. Zaki also seeks attorney's fees and costs associated with this Motion. Zaki also moves for a two-week enlargement of time, from the date Margate approves its application, to complete tent installation, and for a one-hundred-day enlargement of time, from the date of tent installation, to complete inventory of the consigned goods.

The parties agreed among themselves to allow Zaki to inventory the goods. Judge Cooke included this agreement with a deadline in the Amended Scheduling Order [DE 275], setting the date by which Daytona must cure the violations as May 7, 2010, and the date by which Zaki must complete inventory as August 16, 2010.

Zaki argues that sanctions must be granted because Daytona has not cured the violations at the warehouse. Since the Amended Scheduling Order was entered, the fire marshal has cited Daytona for additional violations, has closed the warehouse, and shut off the utilities. Margate will not grant a new application until these violations have been cured. As an initial matter, the Court notes that at the hearing, the attorney for the Defendant stated that the parties had previously agreed that the inventory could take place inside the warehouse. This would obviate the need for an extra permit for a tent and speed the process of the inventory along. Also, the attorney for the Defendant stated that Defendant had no objection to an inventory of the goods that are stored at the Deerfield Beach warehouse.

Daytona contends, however, that the current outstanding violations were not included in Judge Cooke's Amended Scheduling Order, as they were discovered after that Order was entered, and therefore are not the proper subject of a motion to compel. Regardless of when the violations occurred, the Amended Scheduling Order calls for an inventory of the warehouse by August and this cannot take place if Zaki is denied access to the warehouse. Accordingly, it is hereby

ORDERED that Zaki's Motion to Compel Daytona to Close Permits and Correct Code Violations and for Enlargement of Time to Comply with Court Deadlines is GRANTED in part and DENIED in part. It is further

ORDERED that:

1. Daytona shall immediately rectify the violations at the Margate warehouse, at their own expense, within thirty (30) days from the date of this order, at which time Zaki may commence the inventory inside of the Margate warehouse.

2. Daytona shall grant Zaki immediate access to the Deerfield Beach warehouse to begin the inventory at that location.

3. The parties shall file a joint status report at the conclusion of the thirty (30) days.

4. Zaki's Motion for enlargement of time to comply with Court deadlines is DENIED at this time, and Judge Cooke will consider the issue if the need arises at a later date.

DONE AND ORDERED in Chambers at Miami, Florida this 23rd day of June, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE