UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60296-CIV-COOKE/GARBER

ZAKI KULAIBEE ESTABLISHMENT,

    Plaintiff,

v.

HENRY H. MCFLIKER, et al.,

    Defendants.

_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court by Order of Reference of United States District Judge Marcia C. Cooke. Pursuant to such reference, the Court has received:

1. Defendants Henry H. McFliker et al.'s Motion for Protective Order [DE 318] and Third-party Ruden McClosky P.A.'s Motion for Protective Order [DE 325];

2. Plaintiff Zaki Kulaibee Establishment's Motion for Leave to File Sur Reply [DE 334] regarding the defendants' motion, listed directly above;

3. Plaintiff's Motion to Compel [DE 328]; and

4. Defendants' Motion to Compel Compliance with Omnibus Order [DE 331].

Having considered the motions and any concomitant responses and replies, and having held a hearing regarding some of the issues, the Court finds as follows:

I. **Defendants and Third-Party Ruden McClosky's Motions for Protective Order [DE 318 and DE 325]**

The plaintiff issued a subpoena to third-party Ruden McClosky, on July 6, 2010, seeking production of "[a]ll documents . . . that concern, pertain or relate to" (1) a consignment sales agreement between the parties, executed on June 17, 2003, and (2) a settlement and release

agreement between the parties, executed on November 26, 2004. In their motions for a protective order, both the defendants and Ruden McClosky objected to the subpoena as being unduly burdensome. According to Ruden McClosky, there are some seven boxes, containing approximately 9000 documents. Both Ruden McClosky and the defendants also complain that many of the documents are privileged and therefore creating a privilege log with respect to those documents would be overly burdensome.

In response, the plaintiff redefined its request. Rather than seeking <u>all</u> documents relating to <u>both</u> agreements, as described above, the plaintiff explained that it really just wanted one particular file: a file that contained documents compiled by Tom Gallagher, a former Ruden McClosky attorney, who was allegedly involved in drafting and negotiating the sales consignment. In reply, as well as at the hearing held before the Court on September 24, 2010, Ruden McClosky asserted that not only was it unable to identify the specific file that the plaintiff was referring to, but also that Gallagher was not even involved in drafting the original agreement.

Preliminarily, since the plaintiff has redefined its request to include only the one "discreet file, containing papers compiled and leading to the execution of the Agreement on June 17, 2003," (DE 329 at 2), both the defendants' and Ruden McClosky's motions are GRANTED in part but DENIED with respect to the plaintiff's narrowed definition of the documents sought. Ruden McClosky is therefore ORDERED, **within ten days of the date of this Order**, to produce the specified file, whether compiled by Tom Gallagher or another attorney at Ruden McClosky, providing a privilege log if any documents, or portions thereof, are withheld as privileged. If, upon further review of its files, Ruden McCLosky still maintains that no such file exists, **within ten days of the date of this Order**, it shall file an affidavit of the custodian of such records, attesting to the procedure utilized to locate such records, and shall notify the plaintiff accordingly. Additionally, the plaintiff notified

the Court, during the September 24, 2010 hearing, that it would contact the plaintiff's former counsel regarding the documents sought. In relation thereto, the plaintiff is ORDERED, **within ten days of the date of this Order**, to file a notice with the Court regarding the results of that endeavor.

II. **The Plaintiff's Motion for Leave to File Sur Reply [334]**

The plaintiff has moved for leave to file a sur reply to defendants' reply to plaintiff's response to the defendants' motion for a protective order. This motion is DENIED.

III. **The Plaintiff's Motion to Compel [DE 328]**

In its motion to compel, the plaintiff seeks to compel from the defendants: (a) better responses to the plaintiff's third set of interrogatories (Nos. 12-14, 16-17); (b) production of the plaintiff's fifth request for documents (Nos. 61, 63-68, 70-71); and (c) production of the plaintiff's sixth request for documents (Nos. 72-73).

- <u>Responses to Third Set of Interrogatories</u>:

The interrogatories at issue relate to the plaintiff's efforts to quantify any expenses, taxes, and other charges that the defendants set off, or intend to set off, against the plaintiff's share of any proceeds as provided for in the parties' consignment sales agreement. In response to these interrogatories, the defendants answered: (1) that such information was already provided to the plaintiff in the form of its accounting records; and (2) to the extent that any additional documents regarding such offsets have been created since the production of the accounting records, such documents will be made available upon reasonable notice. The defendants also noted, however, that they did not currently have access to such documents because they were located in the Margate warehouse which defendants were unable to enter at the time.

Not satisfied with these answers, the plaintiff, in its motion to compel, complains that the accounting records produced by the defendants list expenses only <u>generally</u> and do not indicate which

expenses defendants charged, or intend to charge, back to the plaintiff. Nor, according to the plaintiff, do the accounting records indicate specifically what the expenses were for and so there is no way to tell: (1) whether they were, or are to be, set off against the plaintiff's share of the proceeds; and (2) if they were, or are to be, set off, whether such set off was appropriate under the agreement. The defendants insist that the plaintiff has been given numerous opportunities to access databases that would reveal this information and that since they have "already produced these voluminous records," they should not be compelled to do so again. The disagreement, then, boils down to whether or not the information sought by the plaintiff can reasonably be gleaned from the records that the defendants have already provided or made available to the plaintiff. In order to resolve this issue, the Court ORDERS the defendants, **within ten days of the date of this Order**, to either: (1) submit an affidavit attesting to the fact that the expenses the plaintiff is asking about are readily apparent from the accounting records that have already been provided or made available, using specific examples from these accounting records to support their claim; or (2) if they are unable to so attest, submit records to the plaintiff from which the expenses asked about are readily apparent or admit that there are no such records.

Furthermore, the Court finds that access to the warehouse in which any additional documents may be located is no longer an issue: either the defendants can relocate their files, in whatever form, to the Deerfield warehouse (as it has already done with much of the inventory) or, as represented at the September 24, 2010 hearing, the Margate warehouse should, by now, be operational.

Lastly, the plaintiff's request that the defendants supply verified responses, is DENIED as moot as the defendants supplied verified responses on July 20, 2010. (See DE 342 at 8-22).

- Fifth Request for Production:

Much like the plaintiff's interrogatories, the plaintiff's request for production asks the

defendants to produce documents detailing any expenses that the defendants claim should be set off against the plaintiff's share of any proceeds. Again, the defendants maintain that this information is contained in the accounting records they already produced or made available to the plaintiff. The Court hereby GRANTS in part and DENIES in part the plaintiff's motion to compel with respect to these requests, as follows.

Plaintiff's request numbers 61 and 64 seek information concerning taxes. In their response to the plaintiff's motion, the defendants explain that no taxes have been assessed or levied on any of the consigned goods–the implication then being that no such responsive documents ever existed. In their actual responses to the plaintiff's requests, however, the defendants state that all responsive documents have already been produced as part of the defendants' accounting records. The defendants must pick one: either the documents have been produced or they don't exist. They can't claim both. Therefore the defendants are ORDERED, **within ten days of the date of this Order**, to either: (1) attest in an affidavit that no such documents exist; or (2) explain to the plaintiffs where, in the records that have already been produced or made available, the pertinent information is located.

Plaintiff's request numbers 63, 66, 67, 68, and 71 all have to do with documents disclosing set-offs or expenses incurred that relate to various provisions in the parties' agreement. To the extent that the defendants are claiming that the relevant documents have already been produced, the Court ORDERS that, **within ten days of the date of this Order**, either: (1) the defendants submit an affidavit attesting to the fact that the documents showing the expenses and set-offs the plaintiff is asking about having already been produced or made available, citing to examples of specific items in the accounting record that contain the information sought; or (2) if the defendants cannot so attest, the defendants must submit records to the plaintiff from which the expenses and set-offs asked about are readily apparent or admit that no such records exist.

With respect to <u>request number 65</u>, the plaintiff is seeking sales reports from April 2009 through present. Defendants claim that this information was made available in the accounting records that were produced but the plaintiff disagrees. In any event, it appears that the information sought is readily accessible to the defendant and that its production or lack thereof is the result of a misunderstanding between the parties. The defendants are therefore ORDERED to make the requested documents available to the plaintiff, **within ten days of the date of this Order**, even though it may be for the second time.

Plaintiff's <u>request number 70</u> asks for documents relating to any assignments, agreements, releases, waivers, or guarantees between the defendants and third-parties Strategica Group, Inc. and Jack Burstein. The defendants object that this request is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. For the most part, the Court agrees with the defendants that the request, as written, is overbroad. However, to the extent that there are any such assignments, agreements, releases, waivers, or guarantees between the defendants and either of these two parties that <u>concern the consigned goods at issue</u>, the defendants are ORDERED to either produce them or attest that no such documents exist **within ten days of the date of this Order**.

And, again, with respect to all of the above, the Court finds that access to the warehouse in which any additional documents may be located is no longer an issue: either the defendants can relocate their files, in whatever form, to the Deerfield warehouse (as it has already done with much of the inventory) or, as represented at the September 24, 2010 hearing, the Margate warehouse should, by now, be operational.

- <u>Sixth Request for Production</u>:

If they have not already done so, the defendants are ordered to make the documents requested in <u>request numbers 72 and 73</u> available to the plaintiff **within ten days of the date of this Order**.

IV.   **The defendant McFliker's Motion to Compel [DE 331]**

McFliker seeks to compel compliance with that part of the Court's October, 30, 2009 Omnibus Order [DE 238] requiring the plaintiff to provide better answers to McFliker's First Set of Interrogatories, numbers 4 through 9.  The plaintiff filed a notice, on October 14, 2010, asserting that it has filed supplemental answers to interrogatories 4 through 9 thereby complying with the Court's order.  McFliker has not objected to the Notice and thus it appears to the Court that the plaintiff has complied.  McFliker's motion is therefore DENIED as moot.

V.   **Summary**

In accordance with the reasoning set forth above, it is hereby ORDERED that:

1.   the defendants' Motion for Protective Order [DE 318] and third-party Ruden McClosky P.A.'s Motion for Protective Order [DE 325] are both GRANTED in part and DENIED in part;

2.   the plaintiff's Motion for Leave to File Sur Reply [DE 334] is DENIED as moot;

3.   the plaintiff's Motion to Compel [DE 328] is GRANTED in part and DENIED in part; and

4.   defendant McFliker's Motion to Compel [331] is DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida this 25th day of February, 2011.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE