UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 08-60296-Civ-COOKE

ZAKI KULAIBEE ESTABLISHMENT,

    Plaintiff
vs.

HENRY H. McFLICKER, *et al.,*

    Defendants.
_____/

## OMNIBUS ORDER

THIS MATTER is before me on the Defendants' Motion in Limine and Incorporated Memorandum of Law (ECF No. 380) and Defendants' Motion to Strike Plaintiff's Expert Witnesses and Incorporated Memorandum of Law (ECF No. 422). I have reviewed the arguments, the record, and the relevant legal authority. I will address each of Defendants' arguments in turn.

### I. BACKGROUND

In their Motion in Limine, Defendants seek to preclude (i) the expert testimony of Carl Fedde based on Plaintiff Zaki Kulaibee Establishment's ("ZKE") failure to timely provide an expert witness summary of report as required under Rule 26(a)(2); (ii) the testimony of Zaki al-Kulaibee, pursuant to an agreement among the parties; and (iii) all evidence as to any facts regarding certain of ZKE's claims.

In their Motion to Strike Plaintiff's Expert Witnesses, Defendants seek to preclude the testimony of Steve Berwick, Arthur Winne, and Joseph Civiletto because ZKE has failed to timely disclose them as exports and provide an export report or summary as to each, and because their testimony does not qualify as expert testimony. Defendants seek to preclude the testimony of Carl Fedde because ZKE did not timely and adequately disclose him as an expert witness.

A brief summary of the procedural circumstances of this case is necessary to understand the relevant deadlines on the expert disclosures at issue here.  On March 2, 2009, Judge Joan Lenard entered a Second Amended Scheduling Order requiring Plaintiff to provide an expert witness list, along with the summaries and reports required by Local Rule 16.1K, on or before June 22, 2009.  (ECF No. 85).  On July 20, 2009, ZKE provided Defendants with a witness list that listed David Rosenbaum and Carl Fedde as both fact and expert witnesses.  (ECF No. 150).  Judge Lenard thereafter entered an Order granting an extension of pretrial deadlines, which ordered Plaintiff to file summaries of its expert witnesses by October 9, 2009.  (ECF No. 159).  On September 15, 2009, ZKE submitted to Defendants a letter signed by David Rosenbaum, of Mallah Furman, CPA.  On November 13, 2009, this case was reassigned to me after Judge Lenard recused herself.  (ECF No. 251).  On January 21, 2010, I entered a Scheduling Order, which superseded all previous orders setting dates and deadlines or outlining pretrial instructions.  (ECF No. 269).  This Order required Plaintiff to provide an expert witness list to the Defendants, along with any summaries or reports required under Local Rule 16.1K, by September 15, 2010.  The Order set December 15, 2010, as the discovery deadline.  On February 11, 2010, I entered an Amended Scheduling Order to correct a scrivener's error.  (ECF No. 275).  The Amended Scheduling Order did not make any substantive changes to the pretrial deadlines.

## II. Legal Standards

Any evidence, tending to make the existence of any fact of consequence more probable or less probable, is relevant and admissible, except as otherwise provided by the Federal Rules of Evidence.  Fed. R. Evid. 401 & 402.  Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  Fed. R. Evid. 403.

Under Federal Rule of Civil Procedure 26(a)(2)(B)(v), a party intending to proffer an expert witness must disclose "a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition." Rule 37(c)(1) states that a party that fails to comply with Rule 26(a)(2) is "not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) also provides alternate sanctions.

In addition to the disclosure requirements set forth in Rule 26, expert testimony must meet the test of admissibility found in Rule 702 of the Federal Rules of Evidence, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

District courts act as "gatekeepers" to the admission of expert testimony, ensuring that any and all expert testimony or evidence admitted is not only relevant, but reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). The test of reliability is a flexible one. *Id.* at 594; *Kumho Tire Co., Ltd., v. Carmichael*, 526 U.S. 137, 141 (1999). "The gatekeeper role . . . is not intended to supplant the adversary system or the role of the jury: '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1311 (11th Cir. 1999) (quoting *Daubert*, 509 U.S. at 596).

### III. ANALYSIS

**A. Defendants' Motion in Limine**

    1. Expert Testimony of Carl Fedde[1]

The parties disagree on whether ZKE timely disclosed Carl Fedde as an expert witness. Defendants argue that ZKE made an untimely disclosure of Mr. Fedde, and they will suffer prejudice if I allow Mr. Fedde to testify as an expert witness.

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure provides that parties must disclose the identity of any expert witness. Pursuant to Rule 26(a)(2)(D), the parties must disclose their expert witnesses "at the time and in the sequence that the court orders." Local Rule 16.1K provides:

> Where expert opinion evidence is to be offered at trial, summaries of the expert's anticipated testimony or written expert reports (including lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and Judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion) shall be exchanged by the parties . . .

Rule 37(c) of the Federal Rules of Civil Procedure provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless."

ZKE contends that the letter it provided to Defendants on September 15, 2009, consists of Mr. Fedde's expert report. The report fails to conform to several requirements under Local Rule 16.1K. Notably, the report does not mention Carl Fedde by name. The report also fails to provide a list of Mr. Fedde's (or anyone else's) qualifications, publications and writings, information about the cases in which the expert has previously testified and the subject of that

expert testimony. Mallah Furman, CPA, and David Rosenbaum signed the report, which is written in the personal plural pronoun, "we." This would indicate that the opinions contained therein were of the retained accounting firm, Mallah Furman, CPA, and specifically, David Rosenbaum. This letter provided no notice to the Defendants that these were the opinions of Mr. Fedde. The report provides conclusions based on a review of identified materials, and includes copies of the documents that the expert relied upon as a basis for the conclusions.

ZKE contends that its disclosure of Mr. Fedde was timely because it could make additions to the report until March 21, 2011. Rule 26(e)(2) provides that a party must disclose any additions or changes to an expert report by the time the party's pretrial disclosures are due. Under Rule 26(a)(3), parties must make their pretrial disclosures at least 30 days before trial. Trial is set for April 11, 2011. Thus, the deadline for ZKE to make any additions or changes to its expert report was March 11, 2011, not March 21, 2011. On March 3, 2011, ZKE made the following additions to Mr. Fedde's report: ZKE identified the September 15, 2009 letter as Mr. Fedde's report, and provided Mr. Fedde's resume and information about the cases in which Mr. Fedde has previously testified and the subject of that expert testimony.

On December 7, 2010, Defendants took the deposition of Mr. Fedde. At the beginning of the deposition, Defendants asked Mr. Fedde about what kind of information and documents ZKE provided to him, when ZKE provided such materials, and who assisted in the analysis of the materials. Fedde Dep. 22:22-23:25:20. Mr. Fedde testified that he drafted the September 15, 2009 report, although Mr. Rosenbaum signed it. Fedde Dep. 48:8-49:4. Mr. Fedde explained that Mr. Rosenbaum had some communications with ZKE's counsel, but that Mr. Fedde himself supervised or undertook all of the work performed under the company name, Mallah Furman, CPA. Fedde Dep. 24:1-25. Mr. Fedde testified that, other than signing the letter, Mr.

---

[1] Defendants also address Mr. Fedde's testimony in their Motion to Strike, but do not raise any additional

Rosenbaum did not play any part in the analysis contained in the report. Fedde Dep. 49:2-4. Defense counsel questioned Mr. Fedde in detail about the conclusions contained in the report, the documents that Mr. Fedde relied upon to reach those conclusions, the exhibits attached to the report, and Mr. Fedde's methodology. Fedde Dep. pp. 49-73.

The expert disclosure requirement under Fed. R. Civ. P. 26(a)(2)(B) "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008). Rule 37 provides sanctions for violations of Rule 26(a)(2)(B), including striking the expert witness altogether, or compelling disclosure. If the failure to disclose was "substantially justified or is harmless," then the party may still use that witness. *See* Fed. R. Civ. P. 37(c)(1); *OFS Fitel, LLC*, 549 F.3d at 1363. "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 Fed. App'x. 821, 824 (11th Cir. 2009) (unpublished) (citation omitted). As indicated above, the exclusion of expert testimony is a severe sanction that is not appropriate where a party's actions do not result in prejudice to the opposing party. *See SEC v. Huff*, No. 08-60315, 2010 WL 228000, at *3 (S.D. Fla. Jan. 13, 2010); *In re Terazosin Hydrochloride Antitrust Litig.*, No. 99-1317, 2005 WL 5955699, at *9 (S.D. Fla. Feb. 2, 2005).

In *OFS Fitel, LLC*, the Eleventh Circuit held that the district court improperly excluded an expert witness where the plaintiff only disclosed the expert's written report after the close of discovery. 549 F.3d at 1363. Although the plaintiff violated Rule 26, the court held that the violation was harmless and substantially justified. *Id*. at 1364. The court noted that the plaintiff informed the defendant early in the litigation that it intended to use the expert, and the plaintiff

---

arguments in that Motion.

informed the defendant that it needed to depose certain defendant attorneys before it could produce its expert.  *Id*.  The court held that there was no element of surprise to defendant about the use of the expert.  *Id*.  Additionally, the court noted that the defendant did not claim that the passage of time affected its ability to employ a rebuttal expert.  *Id*.

Here, Defendants knew of the substance of ZKE's expected expert witness testimony since September 15, 2009.  Defendants never sought to depose Mr. Rosenbaum, who signed the report.  Additionally, Defendants knew as early as December 7, 2010, that Mr. Fedde drafted the September 15, 2009 report.  Upon learning this information, Defendants did not seek to take the deposition of Mr. Rosenbaum or take a second deposition of Mr. Fedde, although they could have done either or both.  Defendants also did not seek an extension of time to address this expert testimony or obtain rebuttal testimony, if necessary.  Although Defendants were aware of the shortcomings of ZKE's disclosures, they did not file a motion to compel supplemental disclosures.  Moreover, in the December 7, 2010 deposition of Mr. Fedde, Defendants were able to, and did, ask detailed questions about the report.

The facts of this case do not warrant the exclusion of Mr. Fedde's witness testimony.  However, in the interest of justice, and to prevent any surprise testimony that may unfairly prejudice Defendants, Mr. Fedde may be re-deposed so that Defendants can sufficiently and more completely build their case.  Additionally, Mr. Fedde's testimony at trial will be limited to what ZKE disclosed in his expert summary.

    2. <u>Testimony of Zaki al-Kulaibee</u>

Pursuant to the parties' agreement, Zaki al-Kulaibee cannot testify at trial if he is not made available for deposition.  As the parties do not dispute this issue, no further analysis is required.  If ZKE has not made Mr. al-Kulaibee available for deposition to date, he may not testify at trial.

7

3. Any Evidence as to Certain Claims

Defendants seek a blanket order excluding "any evidence as to any facts" underlying its claims for unjust enrichment, conversion, breach of contract, and damages from certain of these claims. Defendants also seek a blanket order precluding ZKE from "using any documents in connection with any testimony Mr. Saud may offer in support of ZKE's claims."

A blanket order such as the one Defendants request may improperly preclude ZKE from offering relevant evidence produced during discovery. A court cannot exclude evidence without examining the specific material, the context in which the parties seeks to introduce it, and the evidentiary foundation for the material. *See Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, No. 07-cv-00016, 2011 WL 470561, at *7 (M.D. Fla. 2011); *Kallas v. Carnival Corp.*, No. 06-20115, 2009 WL 88491, at *2 (S.D. Fla. Jan. 13, 2009). The Court cannot exclude unidentified evidence in a vacuum. Because Defendants have provided insufficient information about the evidence it seeks to exclude, Defendants' Motion in Limine is denied as to this evidence. I will consider Defendants' objections to specific evidence on a case-by-case basis.

B. **Defendants' Motion to Strike Expert Witnesses**

A. ZKE made Timely Disclosures of Steve Berwick, Arthur Winne, and Joseph Civiletto pursuant to Court Order

As noted above, this Court's Scheduling Order required that Plaintiff provide an expert witness list along with the summaries and reports required by Local Rule 16.1.K on or before September 15, 2010. (ECF No. 275). On August 13, 2010, ZKE filed a Motion for Enlargement of Time to disclose its expert witnesses. (ECF No. 336). On February 24, 2011, this Court denied ZKE's Motion and ordered that if ZKE had not already disclosed its expert witnesses, it must do so on or before March 3, 2011. (ECF No. 404). ZKE complied with this Order and disclosed its expert witnesses on March 3, 2011. (ECF No. 412). Because ZKE acted pursuant to a court order, I do not find that the disclosures of Steve Berwick, Arthur Winne, and Joseph

Civiletto were untimely.

> B. Expert Summaries of Arthur Winne, and Joseph Civiletto are Adequate; Expert Summary of Steve Berwick is Not

Defendants also object to the summaries provided by ZKE for each of these expert witnesses. Pursuant to Local Rule 16.1K, a party seeking to offer expert opinion evidence at trial must provide to the opposing party a summary of the expert's anticipated testimony or a written expert report. Although Local Rule 16.1K allows a party to substitute a summary of the expert's anticipated testimony, the summary must include "lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and Judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion." The Comments to Rule 16.1K make clear that, although a party may disclose expert witness information in either a summary prepared by counsel or a report prepared by the expert, either document must contain the information specified in Local Rule 16.1K. 1996 Comments to Local Rule 16.1K. "Expert reports must not be "sketchy, vague or preliminary in nature" and the disclosures "must not be used as a means to extend a discovery deadline." *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998); *Dyett v. N. Broward Hosp. Dist.*, No. 03-60804, 2004 WL 5320630, at *1 (S.D. Fla. Jan. 21, 2004). The expert disclosure "must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." *Salgado by Salgado*, 150 F.3d at 742 n.6.

The expert summaries for Arthur Winne and Joseph Civiletto comply with Local Rule 16.1K. Each of the expert summaries provides the facts and opinions to which the expert is expected to testify. Defendants have not had the opportunity to depose these witnesses. Thus, in order to avoid prejudice to Defendants, Defendants shall have thirty days from the date of this Order in which to depose these expert witnesses.

The expert summary for Steve Berwick does not comply with Local Rule 16.1K. The summary states that Mr. Berwick has not yet analyzed sufficient evidence to form his opinions. The summary states that only after Mr. Berwick is able to review the evidence will he be able to provide the substance of the facts and opinions to which he will testify. The summary fails to provide any timeframe for Mr. Berwick to complete his analysis. At this late stage of litigation, such an expert summary is undoubtedly sketchy, vague, and preliminary in nature. As a result, I will exclude the expert testimony of Mr. Berwick.

### C. Arthur Winne's Expected Testimony Consists of Expert Testimony

Defendants argue that Mr. Winne should be precluded from testifying because his expected testimony is not permissible expert testimony. As noted above, expert testimony must meet the test of admissibility found in Rule 702 of the Federal Rules of Evidence "Expert testimony is properly excluded when it is not needed to clarify facts and issues of common understanding which jurors are able to comprehend for themselves." *Hibiscus Assocs. Ltd. v. Bd of Trustees of Policemen & Firemen Ret. Sys.*, 50 F.3d 908, 917 (11th Cir. 1995); *see also Steinberg v. Indemnity Ins. Co. of N. Am.*, 364 F.2d 266, 274 (5th Cir. 1966) ("If the question is one which the layman is competent to determine for himself, the opinion testimony is excluded; if he reasonably cannot form his own conclusion without the assistance of the expert, the testimony is admissible.").

Defendants argue that Mr. Winne's testimony that "the Consigned Goods have been stored on racks in boxes and crates in various warehouses" is not proper expert testimony. *See* ECF No. 412. Those are the facts on which Mr. Winne will base his opinions. He is expected to testify that the Defendants' "inventory control system is deficient in terms of data and physical inventory management and storage" based on his specialized knowledge of aircraft parts and inventories. This testimony will assist the jury in understanding inventory systems, which is not

an issue of common understanding especially where ZKE alleges that Defendants used a unique method of inventory.

### D. Joseph Civiletto Expected Testimony Consists of Expert Testimony

Finally, Defendants argue that Mr. Civiletto's expected testimony about what is typically in a consignment agreement will not assist the jury. Mr. Civiletto is expected to testify as to the custom in the aircraft parts consignment industry to have certain terms regarding the treatment of consigned goods at the expiration of the contract. Since this is a disputed issue at trial, and an expert may testify as to industry customs, this testimony is appropriate. *See United States v. Frazier*, 387 F.3d 244, 1298 (11th Cir. 2004).

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. The Defendants' Motion in Limine and Incorporated Memorandum of Law (ECF No. 380) is **DENIED**.

2. The Defendants' Motion to Strike Experts is **GRANTED in part and DENIED in part**, as follows:

   a. Steve Berwick's testimony shall be excluded. Defendants' Motion to Strike Experts is **GRANTED** as to Mr. Berwick.

   b. Arthur Winne's testimony shall be admitted. Defendants' Motion to Strike Experts is **DENIED** as to Mr. Winne.

   c. Joseph Civiletto's testimony shall be admitted. Defendants' Motion to Strike Experts is **DENIED** as to Mr. Civiletto.

3. The Defendants shall have one additional month to depose Plaintiff's proposed experts, Messrs. Winne and Civiletto. If Plaintiff cannot make Messrs. Winne and Civiletto available in that time, those experts shall not be permitted to testify at trial.

11

4. The Defendants may also seek to depose Mr. Fedde during this additional month.

5. This case is re-set for trial on the Court's two-week calendar commencing **May 9, 2011, at 9:30 a.m.**, before the undersigned at the Federal Courthouse, Courtroom 11-2, 400 North Miami Avenue, Miami, Florida. Calendar call shall be held on Wednesday, **May 4, 2011, at 3:00 p.m.**, at the same location.

**DONE and ORDERED** in chambers, at Miami, Florida, this 5th day of April 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of record*