UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 08-60296-Civ-COOKE/TURNOFF

ZAKI KULAIBEE ESTABLISHMENT,

    Plaintiff
vs.

HENRY H. McFLICKER, *et al.*,

    Defendants.
_____/

## OMNIBUS ORDER ON MOTIONS TO STRIKE

THIS MATTER is before me Defendants' Emergency Motion to Strike Plaintiff's Exhibits (ECF No. 468), Defendants' Emergency Motion to Strike Plaintiff's Notice of Intent to Introduce Summary Evidence (ECF No. 469), Defendants' Emergency Motion to Strike Plaintiff's Undisclosed Witnesses (ECF No. 470), and Defendants' Emergency Motion to Strike Plaintiff's Supplemental Expert Witnesses Disclosure (ECF No. 480). At the outset, I note that the parties' inability to resolve their disputes without flooding this Court with motions on the eve of trial is regrettable. This case has been in pre-trial proceedings since April 2008, and the parties have been unable to agree on even the most basic issues that should have been resolved through professional common courtesy. I will also note that trial is set for the Court's two-week calendar commencing May 9, 2011, at 9:30 a.m., and this deadline *will not be further extended*. I will review each of the Defendants' motions in turn.

    **A. Defendants' Motion to Strike Plaintiff's Exhibits**

Defendants seek to strike a number of Plaintiff's exhibits, which Defendants state Plaintiff has not sufficiently identified. Plaintiff argues that its "Exhibit List and Amended Exhibit List contains bates numbers for or other specific indicators of exactly where *most*, if not all of Plaintiff's Exhibits can be found." Pl.'s Opp. 3 (emphasis added). Defendants identify

over forty of Plaintiff's listed exhibits that do not contain bates numbers and are identified by vague descriptions such as, "photographs" and "warehouse documents." Def.'s Reply 2.

Local Rule 16.1(d)(4) requires that the parties meet fourteen days prior to calendar call to "examine all trial exhibits." Defendants indicate that the parties have not done so. Defendants state that they have attempted to obtain copies of Plaintiff's exhibits, but "[t]o this date, ZKE has not provide to defendants any of their exhibits." It is unclear why the parties have been unable to resolve such a simple, straightforward issue without this Court's assistance. To avoid any further complications, the parties are directed to exchange copies of <u>each and every one</u> of their exhibits by April 28, 2010, at 12:00 p.m. Any exhibits, with the exception of impeachment exhibits, which need not be revealed pursuant to Local Rule 16.1(d)(4), that are not exchanged by that date will be stricken.

### B. Defendants' Emergency Motion to Strike Plaintiff's Notice of Intent to Introduce Summary Evidence

Defendants move to strike Plaintiff's Notice of Intent to Introduce Summary Evidence (ECF No. 452), filed on March 29, 2011. On April 4, 2011, Plaintiff submitted a copy of the summary evidence to Defendants. On April 7, 2011, Plaintiff filed a copy with this Court. (ECF No. 478). The summary evidence consists of, among other things, approximately 70 pages of sales entries, containing over 100 entries per page.

It is unclear from the briefs whether Plaintiff has provided the underlying data to the Defendants. Defendants state that Plaintiff has not provided them with the underlying data, and argue that Plaintiff's late disclosure of this evidence will prejudice them. *See* Defs.' Reply 4 ("ZKE fails to state what underlying data is being summarized or make that underlying data available."). Plaintiff contradicts Defendants' contention and states it "attached the underlying data to the [summary] when same was served on April 4, 2011, and again, on April 7, 2011."

2

Pl.'s Opp. 5.[1]  Plaintiff also states that "the underlying data is comprised entirely of Defendants' own business records."[2] *Id*.  Plaintiff reasons that Defendants are not prejudiced because they have access to their own records to check the summary for accuracy.

Rule 1006 of the Federal Rules of Evidence provides that a party may use summaries as evidence.  A party intending to use a summary must make the underlying data available to the opposing party for examination "at a reasonable time and place."  Fed. R. Evid. 1006.  "A reasonable time and place has been understood to be such that the opposing party has adequate time to examine the records to check the accuracy of the summary."  *United States v. Isaacs*, 593 F.3d 517, 527 (7th Cir. 2010).  A district judge may "prevent a party from springing summaries of thousands of documents on the opposing party so late in the day that the party can't check their accuracy against the summarized documents before trial."  *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 753 (7th Cir. 2005).

Here, Plaintiff served Defendants with the summary on April 4, 2011.  Trial is set to commence May 9, 2011.  The parties seem to disagree on the basic issue of whether Plaintiff provided the underlying data to Defendants.  Plaintiff states that all of the underlying data it used to create the summary came from Defendants through discovery.  Thus, Defendants should have access to all of the information necessary to check the accuracy of the summaries for a period of at least 30 days.  The records and data underlying the summary should not be a surprise to Defendants, as Defendants produced them to Plaintiff.  *Cf., e.g.*, *United States v. Lewis*, 594 F.3d 1270, 1282 (10th Cir. 2010) (holding that "so long as the opposing party is given sufficient time

---

[1] Defendants state that it is clear from the Plaintiff's filing of the summary (ECF No. 478) that the underlying data is not attached.  However, Plaintiff does not claim it *filed* the underlying data with the Court.  Rather, it states that it *served* the underlying data on Defendants.

[2] Defendants argue that the fact that a report attached to the summary states that "this file was provided by Mullah Furman CPA" belies Plaintiff's assertion that Defendants produced the underlying data to Plaintiff.  The fact that Plaintiff may have sent the data to its expert through its accounting firm does not mean it is not Defendants' data.

to inspect the underlying documents, there is no reason to give the opposing party the benefit of the offering party's labor in preparing . . . worksheets or database."); *Fidelity Nat'l Title Ins. Co. of New York*, 412 F.3d 745, 753 (party that received summary of voluminous documents had sufficient time to spot check for accuracy "immediately upon receiving them 30 days before the trial began"); *EEOC v. HBE Corp.*, 135 F.3d 543, 553 (8th Cir 1998) (rejecting defendant's argument that it could not effectively cross-examine witness since documents underlying summary were not produced at trial because (i) the underlying documents belonged to defendant, and (ii) the summary was disclosed three weeks before trial, which provided ample time for defendant to check its accuracy).

However, Rule 1006 requires that a party actually provide to the opposing party the underlying records. As Defendants note, Plaintiff cites to no case law where a court permitted a party to simply state that the opposing party should sift through their entire universe of produced documents to check a summary for accuracy. If Plaintiff has not yet done so, it shall provide to Defendants the underlying data by April 28, 2011, at 12:00 p.m. If it cannot do so by that date and time, the summary will be stricken.

**C. Defendants' Emergency Motion to Strike Plaintiff's Undisclosed Witnesses**

Defendants seek to strike Plaintiff's recently disclosed fact witnesses. The deadline for the parties to furnish their respective fact witness lists was July 20, 2009. Second Amended Scheduling Order, ECF No. 85. On March 28, 2011, Plaintiff disclosed two new fact witnesses—Marc Anton and Mike Sputo. According to Plaintiff, Messrs. Anton and Sputo were involved in a Government investigation into counterfeit military aircraft parts that somehow implicates certain defendants. Plaintiff argues that this Court should excuse its untimely disclosure because it only discovered the existence of the investigation after the witness disclosure deadline had passed, and Plaintiff retained new counsel on August 2010. According

to Plaintiff, certain raids only occurred in November 2009. The Department of Justice issued a press release about the operation on April 12, 2010. None of these facts explain why Plaintiff waited until March 28, 2011—nearly seven months after retaining new counsel, eleven months after publication of the press release, and over fifteen months after the raids occurred—to disclose these new witnesses. Plaintiffs also contend that there is an "immense public interest in not having counterfeit aircraft parts fitted to military aircraft." Plaintiff fails to establish how its civil action against Defendants invokes this public interest. Having been disclosed in an untimely manner, Messrs. Anton and Sputo cannot testify.

### D. Defendants' Emergency Motion to Strike Plaintiff's Supplemental Expert Witnesses Disclosure for Carl Fedde and Steve Berwick

Finally, Defendants move to strike Plaintiff's Supplemental Expert Witness Disclosure for Carl Fedde.[3] In my Omnibus Order I stated, "Mr. Fedde's testimony at trial will be limited to what ZKE disclosed in his expert summary." (ECF No. 475, at 10). My Omnibus Order also re-set calendar call from April 6, 2011, to May 4, 2011, and the commencement of trial from April 11, 2011, to May 9, 2011. On April 7, 2011, Plaintiff filed a Supplemental Expert Witness Disclosure for Carl Fedde. (ECF No. 479). Plaintiff argues that it may supplement Mr. Fedde's expert disclosure pursuant to Rules 26(a)(3) and 26(e)(2) of the Federal Rules of Civil Procedure, which permit a party to disclose any additions or changes to an expert report at least thirty days before trial. After considering the unique procedural history of this case, I entered the Omnibus Order discussed above, which limited the scope of Messrs. Fedde's testimony. Plaintiff cannot supplement its expert disclosures to broaden the scope of this witness's

---

[3] Defendants title their motion as a Motion to Strike Plaintiff's Supplemental Expert Witness Disclosure for Carl Fedde. However, in their Motion, Defendants also argue that Plaintiff's Supplemental Expert Witness Disclosure for Steve Berwick is untimely and deficient. Def.'s Mot. 2, 3, 5. To conserve judicial resources, I will consider Defendants' arguments with respect to Mr. Berwick's supplemental disclosure here, taking into account the arguments Defendants make in this Motion and in their Motion for Reconsideration (ECF No. 483), which also addresses Mr. Berwick's supplemental disclosure.

testimony beyond the limits imposed by my Order.  I will strike Plaintiff's Supplemental Expert Witness Disclosure for Mr. Fedde (ECF No. 479) in its entirety, as it impermissibly broadens Mr. Fedde's expected testimony to include a new subject, i.e., Defendants' expenses and set-offs.

On April 19, 2011, I granted Plaintiff's Motion for Reconsideration to permit Mr. Berwick to testify "only as to Defendants' reporting of sales of Plaintiff's goods." (ECF No. 488).  My April 19, 2011 Order was based on a review of Mr. Berwick's expert summary, which provides that the basis of Mr. Berwick's testimony will be "a comparative analysis of Defendants' Airdata, Plaintiff's Inventory of Consigned Goods, and sales of Consigned Goods reported to Plaintiff."  *See* ECF No. 412.  On April 7, 2011, Plaintiff filed a Supplemental Expert Witness Disclosure for Steve Berwick.  (ECF No. 478).  Plaintiff argues that it may supplement Mr. Berwick's disclosures pursuant to Rules 26(a)(3) and 26(e)(2) of the Federal Rules of Civil Procedure.   After considering the unique procedural history of this case, I entered an Order, noted above, limiting the scope of Mr. Berwick's testimony.  Plaintiff's supplemental disclosure does not broaden the scope of Mr. Berwick's testimony.  The summary document refers to inventory and sales information obtained from Defendants' data and Plaintiff's inventory.  I will not strike Plaintiff's Supplemental Expert Witness Disclosure (ECF No. 478) because it does not broaden the scope of Mr. Berwick's expected testimony.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. The Defendants' Emergency Motion to Strike Plaintiff's Exhibits (ECF No. 468) is **DENIED**.  To the extent that have not yet done so, the Parties are directed to exchange copies of their exhibits by April 28, 2010, at 12:00 p.m.

2. Defendants' Emergency Motion to Strike Plaintiff's Notice of Intent to Introduce Summary Evidence (ECF No. 469) is **DENIED**.  If Plaintiff has not yet done so, it shall provide

to Defendants the underlying data for its summary evidence by April 28, 2011, at 12:00 p.m.

3. Defendants' Emergency Motion to Strike Plaintiff's Undisclosed Witnesses (ECF No. 470) is **GRANTED**. Marc Anton and Mike Sputo may not testify at trial

4. Defendants' Emergency Motion to Strike Plaintiff's Supplemental Expert Witnesses Disclosure for Carl Fedde (ECF No. 480) is **GRANTED in part and DENIED in part**. Plaintiff's Supplemental Expert Witness Disclosure for Carl Fedde (ECF No. 479) is **STRICKEN**. Plaintiff's Supplemental Expert Witness Disclosure for Steve Berwick (ECF No. 478) remains.

**DONE and ORDERED** in chambers, at Miami, Florida, this 27th day of April 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*